IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEIDI LOTTHAMMER** )<br> )<br>         **Plaintiff,** )<br>vs. )<br> )<br>**ACADEMY COLLECTION SERVICE,** )<br>**INC.,** )<br> )<br>         **Defendant.** )<br> ) | **Civil Action No.** |

## COMPLAINT
### UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Heidi Lotthammer is an adult individual residing at 5054 Hansard Avenue, North Port, FL 34286.

5. Defendant Academy Collection Service, Inc. is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at

10965 Decatur Road, Philadelphia, PA 19154. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired by Citibank to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Citibank (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. During the months of April and May 2008, Defendant contacted Plaintiff on numerous occasions, with the intent to annoy, harass, and abuse such persons contacted.

8. Notwithstanding the above, on or about June 9, 2008, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Defendant asked Plaintiff whether she would pay her debt. In response, Plaintiff voiced a desire to settle the debt but indicated that she was retired, in poor health, and without the money necessary to pay the debt. In response, Defendant proceeded to berate the Plaintiff, labeling her names such as "scum" and a "crook." Defendant then asked Plaintiff why she did not pay her bills, to which Plaintiff again explained her situation. Defendant replied that he thought Plaintiff was a bad person, and asked why Plaintiff kept repeating herself, mockingly stating that Plaintiff was afflicted with Alzheimer's disease. Defendant then told Plaintiff not to "act dumb" and threatened to sue Plaintiff.

9. Notwithstanding the above, on or about June 10, 2008, Defendant contacted

Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to once more that day. On each occasion, Plaintiff ended the conversation quickly due to a heighten sense of fear.

10. Notwithstanding the above, on or about June 11, 2008, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

11. To date, Defendant has not sued the Plaintiff.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. The above contacts by Defendant and disputes by Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    (c) Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

    (d)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

    (b)    That an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

    (c)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (d)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (e)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (f)    That the Court grant such other and further relief as may be just and proper.

## V.    VI.    SECOND CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

26.     As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

27.     Due to the reckless and intentional conduct of Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon.

## VII. JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: July 18, 2008